```
UNITED STATES DISTRICT COURT                           (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
PIERS GARDNER,                      :   05 Civ. 5193 (DAB) (JCF)
                                    :
              Plaintiff,            :      REPORT AND
                                    :      RECOMMENDATION
    - against -                     :
                                    :
SURI LEFKOWITZ,                     :
                                    :
              Defendant.            :
- - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:

On October 21, 2005, judgment by default was entered against the defendant in this action, Surie Lefkowitz,[1] in the amount of $180,493.82. Ms. Lefkowitz now moves pursuant to Rule 60 of the Federal Rules of Civil Procedure to vacate the default judgment. For the reasons set forth below, I recommend that the motion be denied.

Background

This action arises out of legal services provided by the plaintiff, Piers Gardner, an English barrister, to Sholam Weiss, the defendant's brother. (Complaint, ¶¶ 1, 5; Declaration of Piers Gardner dated Sept. 2, 2010 ("Gardner Decl."), ¶ 1). After having been convicted of a crime in Florida in 1999, Mr. Weiss had absconded before being arrested in Austria. (Gardner Decl., ¶ 2).

---

[1] In the Complaint, the defendant's first name is spelled "Suri." However, in her current Notice of Motion, Ms. Lefkowitz indicates that the correct spelling is "Surie."

1

The United States Government sought extradition, and, by May 2002, the Austrian courts had approved that request. (Gardner Decl., ¶ 2). On May 23, 2002, the European Court of Human Rights denied Mr. Weiss' request for an order forbidding his removal. (Gardner Decl., ¶ 3). After Ms. Lefkowitz received notice of that decision, she contacted Mr. Gardner by telephone and directed him to take any further steps that might prevent Mr. Weiss from being extradited. (Gardner Decl., ¶ 4). When Mr. Gardner advised her that the only option was to apply to the United Nations Human Rights Committee, Ms. Lefkowitz instructed him to do so and agreed to be responsible for all fees and expenses. (Gardner Decl., ¶¶ 5-6). Ms. Lefkowitz met with Mr. Gardner in Vienna on June 5, 2002, reaffirmed her agreement to retain him, and arranged for his invoices to be paid by wire transfer from her local attorneys, the law firm of Tepfer & Tepfer in Brooklyn. (Gardner Decl., ¶¶ 8-9).

During the course of his representation of Mr. Weiss, Mr. Gardner sent invoices to Ms. Lefkowitz at her residence at 1542 54th Street, Brooklyn, New York. (Complaint, Exh. A; Gardner Decl., ¶ 2). On July 22, 2002, she paid £5,259.57 toward Mr. Gardner's fees and expenses by wire transfer from Tepfer & Tepfer to his bank account. (Gardner Decl., ¶ 10).

When Ms. Lefkowitz failed to pay the remaining balance of £73,618.57, or $115,734.88 at the prevailing exchange rate, Mr.

Gardner first sent her a demand letter and then commenced the instant litigation on June 1, 2005. (Complaint, Exh. A). Prior to attempting service of the Summons and Complaint, the process serving company retained by Mr. Gardner's attorneys confirmed with the United States Postal Service that Ms. Lefkowitz received mail at 1542 54th Street, Brooklyn, New York 11219. (Declaration of Joel Golub dated Sept. 1, 2010, ¶¶ 1-2). A process server then attempted to serve Ms. Lefkowitz personally at that address on June 17, 2005, July 5, 2005, and July 6, 2005. (Affidavit of Service dated July 7, 2005 ("Affidavit of Service"), attached as Exh. C to Declaration of James P. Cinque dated Sept. 7, 2010 ("Cinque Aff.")). The process server also spoke to a neighbor and verified that Ms. Lefkowitz resided there. (Affidavit of Service). When these attempts at personal service failed, the process server affixed a copy of the Summons and Complaint to the door of Ms. Lefkowitz's residence on July 6, 2005 and mailed another copy to that address the next day. (Affidavit of Service).

Ms. Lefkowitz neither filed an answer nor moved with respect to the Complaint. Consequently, the plaintiff moved for judgment by default, and the Court granted the motion on October 21, 2005. Thereafter, in an effort to collect on the judgment, the plaintiff served the firm of Tepfer & Tepfer with a restraining notice and information subpoena on November 5, 2005. (Cinque Decl., ¶ 5 &

3

Exh. E).  The firm responded to the subpoena on December 6, 2005. (Cinque Decl., ¶ 5 & Exh. E).

Nothing then happened in the case until Ms. Lefkowitz submitted the instant motion to vacate the default judgment on August 23, 2010.  The entirety of her application states as follows:

> Dismiss of judgement/case based on: I, Surie Lefkowitz, do not reside at 1542-54th St., the address that the papers were served.  Since 2002 I reside at 1745-56th St.  See attached papers, tax returns, as proof of my residence since 2002.  Also my legal name is Surie with an E.  I never retained Piers Gardner, never did I engage in a contract with Piers Gardner.  Therefore, I ask the honorable Judge Deborah A. Batts please to remove this judgment, and dismiss this case.

(Notice of Motion).  Notwithstanding the defendant's representation, no tax returns or other papers are attached to the motion.  In an affirmation in support of the motion, Ms. Lefkowitz adds only that she "just found out about this."  (Affirmation of Surie Lefkowitz dated Aug. 19, 2010, ¶ 2).

Mr. Gardner opposed the motion, arguing that it was untimely, that Ms. Lefkowitz was properly served, and that, in any event, there is no basis for vacating the default.  Although Ms. Lefkowitz was given until October 15, 2010 to respond (Order dated Sept. 9, 2010), she submitted no reply.

4

Discussion

    A. Timeliness

Rule 60 identifies the grounds upon which a judgment may be vacated. It provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). To the extent that Ms. Lefkowitz were to base her motion on reasons (1), (2), or (3), it would be time-barred because a motion predicated on those grounds must be brought within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). A motion based on any of the other enumerated reasons must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and it generally would not be considered reasonable for

5

Ms. Lefkowitz to have waited five years to challenge the judgment, particularly when she may be deemed to have been aware of it when her attorneys were served with a restraining notice shortly after the judgment was entered.

However, construing Ms. Lefkowitz's motion liberally as is appropriate because she is proceeding pro se, her contention is that the judgment is void because the Summons and Complaint were never properly served and the Court therefore never acquired personal jurisdiction over her.  See United States v. Brooks, No. 00 CV 4131, 2007 WL 4441221, at *2 (E.D.N.Y. Dec. 17, 2007) (construing motion to vacate for lack of proper service as asserting that judgment was void); Orix Financial Services v. Phipps, No. 91 Civ. 2523, 2009 WL 2486012, at *2 (S.D.N.Y. Aug. 14, 2009) ("[A] 'judgment obtained by way of defective service is void for lack of personal jurisdiction . . . .'" (quoting American Institute of Certified Public Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998)).  The Second Circuit has directly addressed the timeliness of such a motion:

> Even though Rule 60(b) states that "[t]he motion must be made in a reasonable time," courts have been "exceedingly lenient in defining the term 'reasonable time,' with respect to voidness challenges.  In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be brought at any time.'"

Central Vermont Public Service Corp. v. Herbert, 341 F.3d 186, 189

6

(2d Cir. 2003) (alteration in original) (quoting Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997)) (internal citation omitted); see Orix Financial Services, 2009 WL 2486012, at *3 (motion to vacate default on grounds of voidness filed seventeen years after entry of judgment found timely).  Accordingly, Ms. Lefkowitz's motion is not time-barred.

  B. Adequacy of Service

  In general, when a defendant challenges service of process on a motion to dismiss, the plaintiff bears the burden of establishing that service was properly effected.  See Arista Records, Inc. v. Musemeci, No. 03 CV 4465, 2007 WL 3124545, at *2 (E.D.N.Y. Sept. 18, 2007), report and recommendation adopted, 2007 WL 3145861 (E.D.N.Y. Oct. 25, 2007).  However, "on a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." Burda Media, Inc. v. Viertel, 417 F.3d 292, 299 (2d Cir. 2005); see Arista Records, 2007 WL 3124545, at *2.  Here, there is no evidence that Ms. Lefkowitz had actual knowledge of this action prior to entry of the default judgment.  Therefore, the burden of proving effective service remains with the plaintiff.  See Polygram Merchandising, Inc. v. New York Wholesale Co., No. 97 Civ. 6489,

2000 WL 23287, at *2 (S.D.N.Y. Jan. 13, 2000) (assigning burden of demonstrating proper service to plaintiff on defendant's motion to vacate default), aff'd, 242 F.3d 367 (2d Cir. 2000).

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on an individual.  According to that rule, a person may be served by, among other means, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).  In New York, service may be accomplished by serving the individual personally, by making substitute service on a person of suitable age and discretion, by serving an agent of the individual, or by affixing the process to the door of the individual's home or business and mailing a copy.  N.Y. C.P.L.R. § 308(1), (2), (3), (4).  This last method is commonly referred to as "nail and mail," and may be resorted to only if neither personal nor substitute service can be made with due diligence.  N.Y. C.P.L.R. § 308(4).

An affidavit of service is prima facie proof of effective service.  Gore v. RBA Group, Inc., No. 03 Civ. 9442, 2009 WL 884565, at *4 (S.D.N.Y. March 27, 2009); Fifth Third Bank v. Mytelka, No. 05 MC 52, 2008 WL 3852170, at *2 (E.D.N.Y. Aug. 16, 2008); Polygram Merchandising, 2000 WL 23287, at *2.  Here, the process server submitted an affidavit in which he attested to

making three separate attempts at personal or substitute service. (Affidavit of Service). He also confirmed with a neighbor, who was identified by name and address, that Ms. Lefkowitz resided at the location where service was attempted. (Affidavit of Service). Then, the process server affixed the Summons and Complaint to the door of the home and subsequently mailed a copy to Ms. Lefkowitz. (Affidavit of Service). Thus, there is strong evidence that service was properly effected.

Of course, an opposing party may contest the representations set forth in an affidavit of service. See Gore, 2009 WL 884565, at *4; Fifth Third Bank, 2008 WL 3852170, at *2. Here, Ms. Lefkowitz has done so, but only in the most conclusory fashion. She merely states that after 2002 she did not reside at the address where the papers were served and that she has since lived at a different location. (Notice of Motion). However, the plaintiff has provided proof that Ms. Lefkowitz has continued to own the property where service was made. (Cinque Aff., ¶ 3(c) & Exh. D). Moreover, "[a] person can have multiple 'dwellings' or 'usual places of abode', provided that each contains sufficient indicia of permanence." Polygram Merchandising, 2000 WL 23287, at *2. Indeed, service may be effective "even where it is undisputed that defendant was not staying at the address where service was attempted, at the time service was made." Id. (citing Jaffe & Asher v. Van Brunt, 158

F.R.D. 278, 279 (S.D.N.Y. 1994)). In light of the evidence that the process server confirmed Ms. Lefkowitz's residence both through the Postal Service and by speaking with a neighbor and that it was subsequently verified that the defendant still owns the property, the plaintiff has carried the burden of demonstrating effective service.[2] Ms. Lefkowitz's motion therefore fails.

Conclusion

For the reasons discussed above, I recommend that the defendant's motion to vacate the judgment be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, Room 2510, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

[2] Although Ms. Lefkowitz complains that her first name is misspelled in the Complaint, this defect has no impact on the adequacy of service. See Arista Records, 2007 WL 3124545, at *3 n.3 (holding that misspelling of defendant's last name did not render service defective).

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 15, 2011

Copies mailed this date:
Robert W. Cinque, Esq.
Cinque & Cinque
845 Third Avenue
New York, New York   10022

Surie Lefkowitz
1745 56th Street
Brooklyn, New York   11204

Surie Lefkowitz
1542 54th Street
Brooklyn, New York   11219