```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
PIERS GARDNER,

                Plaintiff,
                                              05 Civ. 5193 (DAB)
     v.                                              ORDER

SURI LEFKOWITZ,

                Defendant.
------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

This matter is before the Court on a Report and Recommendation from United States Magistrate Judge James C. Francis IV, dated February 15, 2011 (the "Report"), which recommends that Defendant's Motion to Vacate the Default Judgment in this case be DENIED.  (Report 1.)  Defendant has filed timely objections to the Report.[1]  For the reasons stated herein, this Court ADOPTS the Report and DENIES Defendant's Motion.

---

[1] The Court is in receipt of Defendant's Objections and Supplemental Objections filed March 30, 2011; Plaintiff's Response to Defendant's Objections, dated March 30, 2011; Defendant's Reply dated June 2, 2011; Plaintiff's June 3, 2011 letter to this Court; Defendant's June 7, 2011 letter to this Court; Defendant's Second Supplemental Objections and Errata dated December 27, 2011; Plaintiff's December 29, 2011 letter to this Court; and Defendant's January 9, 2012 letter to this Court. This Court struck Defendant's June 2, 2011 Reply as untimely (ECF No. 28).  This Court further strikes Defendant's December 27, 2011 Second Supplemental Objections as untimely.

I.  BACKGROUND

Magistrate Judge Francis issued a Report and Recommendation ("Report") in this matter, recommending that Plaintiff's motion to dismiss the default judgment ("Motion to Vacate") be denied. (Report 1.) The Court incorporates the recitation of the facts as provided by Judge Francis in his Report.  For the reasons set forth below, the Report and Recommendation of Magistrate Judge James C. Francis IV dated February 15, 2011, shall be adopted in its entirety.

II.  DISCUSSION

A. Standard of Review for a Report and Recommendation

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for dispositive motions and prisoner petitions.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  "Within 14 days after being served with a copy [of a magistrate judge's report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).

A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, "to the

...

extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.  DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (internal quotation marks and alterations omitted).

While 28 U.S.C. § 636(b)(1) and Rule 72(b) give the Court discretion to consider additional material that was not submitted to the magistrate judge, Hynes v. Squillace, 143 F. 3d 653, 656 (2d Cir. 1998), a party has no right to present additional evidence when the party provides no justification for not offering the evidence in its submissions to the magistrate. See, e.g., Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990); Azkour v. Little Rest Twelve, Inc., No. 10 Civ. 4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) ("[C]ourts generally do not consider new evidence raised in objections . . . absent a compelling justification for failure to present such evidence to the magistrate judge.") (internal quotations omitted).  Accepting new evidence is disfavored absent a "most compelling reason," Housing Works, Inc. v. Turner, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005), because doing so "would reduce the magistrate's work to something akin to a meaningless dress rehearsal."  Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation

marks omitted).  Despite the general leniency accorded to pro se parties, Howell v. Port Chester Police Station, No. 09 Civ. 1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010), courts generally do not allow pro se parties to litigate matters in their objections that were not presented to the magistrate judge. Litchmore v. Williams, 11 CIV. 7546, 2013 WL 3975956, at *2 (S.D.N.Y. Aug. 5, 2013) (collecting cases).

After conducting the appropriate levels of review, a court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

### B.   General Objections

Defendant generally objects to the Magistrate Judge's recommendation to deny the Motion to Vacate by raising new factual and legal arguments that Defendant never presented to the Magistrate Judge in her opening submission or in the reply brief that Defendant was permitted to submit.  See ECF No. 13.  These new arguments include, inter alia, providing additional factual support regarding Defendant's claim that she did not reside at the residence where service was effected, addressing a theory of constructive notice, and attacking Plaintiff's cause of action as fraudulent and deceptive.  (See, e.g., Objections 1-3

(summarizing arguments); Supplemental Objections 1-3.)

All of these arguments are improper because Defendant may not use her objections to re-litigate issue previously decided, Howell, 2010 WL 930981, at *1 (citation omitted), or to raise new arguments not presented to the Magistrate. Fabricio v. Artus, No. 06 Civ. 2049, 2009 WL 928039, at *2 (S.D.N.Y. Mar. 12, 2009) ("While a district court may entertain new evidence, it generally should not hear new grounds for relief or additional arguments that were not presented in the petition.").

Notably, Defendant made no attempt to explain why she failed to include these additional facts and legal theories in her Motion to Vacate or in a reply brief that this Court permitted Defendant to submit. See Pan Am. World Airways, 894 F.2d at 40 n.3; Azkour, 2012 WL 1026730, at *2. The Court therefore does not consider the factual and legal arguments that were either already presented or that could have been, but were not, presented to the Magistrate Judge.

The Court reviews the Report for clear error with respect to sections to which Defendant only asserted general objections or raised novel legal theories and repetitious argument. DiPilato, 662 F. Supp. 2d at 339; Azkour, 2012 WL 1026730, at *3; Litchmore, 2013 WL 3975956, at *2. The Court also reviews for clear error the portions of the Report to which Defendant did not

object, including using the Rule 60(b) standard.  The Court finds no clear error.

### C. Defendant's Specific Objections

Defendant specifically objected to the Magistrate Judge's finding that "the process server verified that address as being plaintiff's [sic] residence with the United States Postal Service before service was effected."  (Objections 21; see also Report at 10 ("In light of the evidence that the process server confirmed [Defendant's] residence both through the Postal Service and by speaking with a neighbor and that it was subsequently verified that the defendant still owns the property, the plaintiff has carried the burden of demonstrating effective service.").)  While the Court agrees that the affidavit of service and the affidavit from the process serving company attached to Plaintiff's opposition papers provide that it was the process serving company, and not the individual process server, that attested to having verified the Defendant's address with the United States Postal Service, (Golub Affidavit ¶ 2; Affidavit of Service dated July 7, 2005), this difference is minor at best.  Additionally, the Magistrate Judge appreciated this distinction in an earlier section of his Report.  (Report 3 ("Prior to attempting service of the Summons and Complaint, the process serving company

retained by Mr. Gardner's attorneys confirmed with the United States Postal Service that Ms. Lefkowitz received mail at 1542 54th Street, Brooklyn, New York, 11219.").)  Upon de novo review, the Court affirms the Report's finding that the process serving company verified Defendant's address with the Postal Service.

   III. CONCLUSION

   Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge James C. Francis IV dated February 15, 2011, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations and findings and recommendations in its entirety.  Accordingly, Defendants' Motion to Vacate the Default Judgment is DENIED in its entirety.  The Clerk of Court is directed to close the docket in this case.


       SO ORDERED.

   Dated:    March 16, 2015
             New York, New York


                                     _____
                                     Deborah A. Batts
                                     United States District Judge